IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RICHARD ALLEN ROGERS,              )
                                   )
           Plaintiff,              )
                                   )
v.                                 )    Case No. CIV-18-198-RAW-KEW
                                   )
COMMISSIONER OF SOCIAL             )
SECURITY ADMINISTRATION,           )
                                   )
           Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Richard Allen Rogers (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 56 years old at the time of the ALJ's decision.

3

Claimant completed his education through the tenth grade. Claimant worked in the past as a plasma cutter, mixer, tire builder, oiler, and automatic press operator. Claimant alleges an inability to work beginning January 28, 2016 due to limitations resulting from diabetes, degenerative joint disease, and problems with the clavicle.

**Procedural History**

On December 23, 2015, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. On January 14, 2016, Claimant filed an application for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 7, 2016, Administrative Law Judge ("ALJ") Kenton W. Fulton conducted an administrative hearing in Oklahoma City, Oklahoma. On May 31, 2017, the ALJ issued an unfavorable decision. On April 28, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the residual functional capacity ("RFC") to perform his past relevant work. The ALJ also determined Claimant's RFC permitted him to work at less than a full range at the medium exertional level.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinion of Dr. Paul Reel; and (2) reaching an RFC which was not supported by substantial evidence.

**Evaluation of the Opinion Evidence**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus, degenerative joint disease of the right shoulder, status post arthroscopic subacromial decompression and distal clavicle excision. (Tr. 17). The ALJ concluded that Claimant retained the RFC to perform less than a full range of medium work. In so doing, the ALJ found Claimant could lift/carry up to 50 pounds occasionally and 25 pounds frequently, stand and/or walk for six hours in an eight hour workday, sit for six hours in an eight hour workday, perform

5

no overhead reaching with the right upper extremity, and could no more than frequently grip, handle, finger, and feel with the right dominant hand. (Tr. 19).

After consultation with a vocational expert, the ALJ found Claimant could perform his past relevant work as a plasma cutter, mixer, and an oiler. (Tr. 26). The ALJ made no other findings as to Claimant's ability to perform alternative representative jobs in the *Dictionary of Occupational Titles.* As a result of his findings at step four, the ALJ determined Claimant was not under a disability from January 28, 2016 through the date of the decision. Id.

Claimant contends the ALJ improperly evaluated the opinion of his treating physician, Dr. Paul Reel. In particular, Claimant asserts that the ALJ mischaracterized the treatment relationship with Dr. Reel or properly consider the maximum lifting limit imposed by Dr. Reel on Claimant's right shoulder.

Dr. Reel attended Claimant on July 20, 2016 and October 4, 2016. (Tr. 485-87, 500-03). On November 27, 2016, Dr. Reel completed a medical assessment form on Claimant. He found Claimant could sit upright and not reclined for six hours in an eight hour workday, stand for two hours in an eight hour workday,

6

and walk for two hours in an eight hour workday. He found Claimant could work with an option to sit or stand alternatively. He could lift on the right under ten pounds with no handling with the right arm but could not do so repetitively. Dr. Reel determined Claimant could not engage in simple grasping, pushing and pulling of arm controls, or fine manipulation with the right hand. Claimant was found to not be able to use foot controls with the left foot. (Tr. 513).

The ALJ acknowledged these assessment, noting that it was completed the day after Claimant was admitted with a CVA stroke and "fairly soon" after Claimant underwent a recent right shoulder arthroscopic surgery. He then stated that Dr. Reel only completed a one page checklist with several of the limitations with no explanation and no support in the medical evidence. The ALJ then declared Dr. Reel was a non-examining physician which prompted him to give his opinion "little weight" as inconsistent with the record as a whole and lacking explanation. (Tr. 24).

Dr. Reel could not be characterized as anything but a treating physician, contrary to the ALJ's misstatement of his status. The ALJ must evaluate every medical opinion in the record, and he will consider several factors in deciding the weight that should be

7

given to any medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-626 (10th Cir. 2006)(citing 20 C.F.R. § 416.927(d)). It is well-established that any time an ALJ rejects the opinion of a treating physician or fails to give it controlling weight, he must provide substantiation for that rejection. An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is

supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

Since the ALJ did not consider Dr. Reel a treating physician, he did not evaluate whether his opinions were entitled to controlling weight. Further, a simple blanket statement that the opinion is inconsistent with the remainder of the record does not satisfy the requirement that the ALJ identify the evidence which specifically supports this finding and is inconsistent with Dr.

9

Reel's opinion. This required linking of evidence with the rejection of the opinion is required. Hamlin v. Barnhart, 365 F.3d 1208, 1217 (10th Cir. 2004). On remand, the ALJ shall re-evaluate Dr. Reel's opinion and assessment of Claimant's functional limitations in light of his status as a treating physician. He shall also provide specific references to the record which he contends demonstrates inconsistency between the assessment and the medical evidence.

### RFC Evaluation

Claimant also contends that proper consideration of Dr. Reel's opinions would have resulted in a more restrictive RFC. Additionally, he asserts that it is not "factually reasonable" for the ALJ to conclude that Claimant could lift 50 pounds occasionally and 25 pounds frequently on a regular and continuous basis given the condition of his right arm. Because the ALJ must further consider Dr. Reel's opinion, he shall also reassess his RFC findings on remand.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above

10

and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the case be REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

    DATED this 13th day of September, 2019.

*[signature]*
Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma